IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DIVISION

EUGENE STOKES, JR. AND
JEWEL A. STOKES                                                                    PLAINTIFFS

v.                                                        CIVIL ACTION NO. 4:25-CV-60-DMB-DAS

ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY, LLC ET AL                                                      DEFENDANTS

ORDER ON DISCOVERY ISSUES

On May 12, 2026, the court held a telephonic status conference with counsel for the parties to discuss certain discovery-related issues. The court will address each in turn.

First, the plaintiffs contend the defendant Allstate Vehicle and Property Insurance Company, LLC ("Allstate") must make a representative of its third-party administrator available for a deposition. Allstate claims it does not have contact information for an employee of its third-party administrator. While the plaintiffs contend that the third-party administrator is Allstate's agent, the court does not have before it sufficient evidence of an agency relationship. Further, the plaintiffs' 30(b)(6) Notice includes areas of inquiry relating to "[t]he relationship between Defendant and any TPA used to handle ALE claims, including: contracts or agreements; scope of authority; whether the TPA acts as Defendants' agent; [and] control retained by Defendant over the TPA." *See* Doc. 56. Without sufficient information to determine whether an agency relationship exists at this stage of the litigation, the court cannot order Allstate to produce a representative of its third-party administrator for deposition.

Second, the plaintiffs claim Allstate has failed to make its 30(b)(6) designee available for deposition. Allstate responded that the plaintiffs' 30(b)(6) notice includes topics related to claims included their proposed amended complaint which is currently pending before the court and has not

been approved for filing. To the extent the plaintiffs' notice of 30(b)(6) deposition includes topics which relate to the plaintiffs' proposed amended claims, the court agrees with Allstate that these are not relevant areas of inquiry. However, the topics which relate to claims currently pending before this court are, and Allstate is ordered to make a designee available for deposition.

Next, the plaintiffs take issue with Allstate's initial disclosures, specifically its failure to provide any details regarding the knowledge of witnesses identified therein. By way of example, the plaintiffs argue that Allstate's references to claim notes or the claim file generally are insufficient to satisfy Federal Rule of Civil Procedure 26(a)(1)(A)(i)'s requirement to provide the "individual[s] likely to have discoverable information – along with the subjects of that information – that [Allstate] may use to support its claims or defenses…" With respect to the plaintiff's Additional Living Expense ("ALE") claim, for example, to the extent Allstate claims the plaintiffs exhausted these funds, Allstate is required to provide information about how those calculations were determined and by whom. Allstate is ordered to supplement its initial disclosures to properly identify the scope of knowledge of the witnesses identified therein or the identity of witnesses whose testimony supports Allstate's claims or defenses no later than May 19, 2026.

The court will extend the parties' discovery deadline to June 5, 2026, and the motions deadline to June 18, 2026.

SO ORDERED, this the 13th day of May, 2026.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE