IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DIVISION

EUGENE STOKES, JR. AND
JEWEL A. STOKES PLAINTIFFS

v. CIVIL ACTION NO. 4:25-CV-60-DMB-DAS

ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY, LLC ET AL DEFENDANTS

ORDER DENYING MOTION FOR CONTEMPT

On August 5, 2026, the court held a hearing on the plaintiffs' Motion for Contempt, Sanctions, and Other Relief. Doc. 65. Having considered the parties' briefing and oral argument, the court finds the motion should be denied.

The plaintiffs contend Allstate Vehicle and Property Insurance Company, LLC ("Allstate") failed to comply with the court's May 13, 2026 Order on Discovery Issues requiring Allstate to produce a 30(b)(6) representative with knowledge of its ALE claims handling processes and claims calculations and supplement its initial disclosures to properly identify the knowledge of the witnesses identified therein. The court's Order on Discovery Issues imposed a deadline of May 19, 2026, to comply with the Order and extended the parties' discovery deadline to June 5, 2026.

As a preliminary matter, the court finds Allstate complied with the substantive requirements of the Order on Discovery Issues, despite failing to supplement its disclosures or produce its 30(b)(6) designee for deposition by the court-ordered deadline. After hearing arguments from counsel at the hearing, the primary issue before the court is whether to allow the plaintiffs additional discovery on Allstate's calculation and disbursal of ALE expenditures under the policy at issue. Specifically, the plaintiffs contend Allstate's designee could not explain the total amount of ALE benefits paid, including an approximately $11,0000 payment, or the disparity between what Allstate claims to have

paid and documentation pertaining to the plaintiffs' hotel stays.

Allstate's initial disclosures were produced on September 11, 2025, and identified Kenji Westbrook as "an adjuster for Allstate who was assigned to Plaintiffs' claim" and Tyler Welsh as "manager with Temporary Housing with Sedgwick." Allstate claims the plaintiffs knew who to depose because Allstate produced the claim notes for the plaintiffs' file which further identified Kenji Westbrook as its ALE claims adjuster and documented that the ALE was coordinated by Sedgwick, a separate company. To that end, the claim file included communications with Tyler Welsh, a Sedgwick employee. There is no question the plaintiffs knew of Mr. Westbrook's and Mr. Welsh's involvement related to their ALE claim because they issued deposition subpoenas for both in April 2026.

After the hearing, Allstate notified the court of the plaintiffs' intent to serve a subpoena *duces tecum* on Sedgewick. In response, the plaintiffs explained that because Allstate's 30(b)(6) designee could not explain how the plaintiffs' ALE limits were exhausted or for what purpose a significant portion of the plaintiffs' ALE were paid to Sedgwick, the plaintiffs intended to seek information originally requested from Allstate from Sedgwick instead. Specifically, the plaintiffs intend to request "all documents that evidence, support, or relate to Allstate's reasons for delaying, denying, or limiting payments to Plaintiffs for dwelling repairs and/or additional living expenses."

The court is not inclined to allow the plaintiffs the additional discovery requested. While there remain unanswered questions regarding the calculation and disbursal of ALE expenditures, the plaintiffs had knowledge of the witnesses with information relevant to their ALE claim and the opportunity to conduct discovery from those individuals prior to the expiration of the discovery deadline. Simply because the plaintiffs are not satisfied with Allstate's answers is not a basis to reopen discovery, especially where Sedgwick's involvement in this case was known prior to the expiration of the discovery deadline.

The plaintiffs' Motion for Contempt, Sanctions, and Other Relief is DENIED, and the court will not permit the plaintiffs to conduct additional discovery from Allstate or any non-party to this litigation.

SO ORDERED, this the 24th day of August, 2026.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE